Judge Underwood
delivered the opinion of the Court
A jeme covert, under the age of 21 years, unites with her husband in a deed of bargain and sale, for the husband’s land, acknowledges its execution before the clerk of the Jefferson county court, who observes all the forms prescribed by law, in taking her acknowledgement, and the deed is recorded in proper time.
The husband then dies. The wife attains full age, and files her bill against the vendee of the husband, to recover dower in the estate conveyed; and to which she had relinquished her right of dower, as aforesaid, while a minor. Can she succeed, or is she estopped by the deed? This is the only question presented by the record. Infants are permitted by law- to make many contracts, which are obligatory and binding upon them; many which are merely voidable, and some of their contracts are said to be absolutely void. Thus, infants upon attaining the age of consent, may enter into valid and binding matrimonial engagements; and they may bind themselves by contracts, for necessaries. Infants may also be bound by proceedings in courts of justice, which assume the character of contracts on their part, according to the provisions of law.
In this state, in virtue of legislative acts, infants are often, authorized to divest themselves of title to an estate, by commissioners. The foregoing are the most usual subjects, and modes, known to law, if not the only ones in which infants are permitted to bind themselves, and divest themselves of titles; unless they shall choose.to ratify their contracts, made when minors, upon attaining full age. It is not controverted but that the legislature has power to provide, that an infant feme covert, may divest herself of all herinter-ests in land, certain or contingent, by an acknowledgement before the clerk of the court. It is contended that the legislature, in this case, has so provided; and that Mrs. Todd, in pursuance of the statute, has irrevocably surrendered her right of dower, notwithstanding her non-age,
*360 The 5th. section of an act of the legislature of Virginia, passed in 1748, (see IV. Litt. laws of Kentucky, 425) is relied on as being in force; (see III. Marshall* 10) and as deciding the controversy.
The deeds of femes coverts, acknowledged beforé the general or county courts, according to the provisions of the act, are declared to be as valid, as conj veyances “by fine and recovery, or by any other way or means, whatever.” If it were conceded that this act was now in full force, it would not necessarily result that Mrs. Todd ought not to recover. When baron and feme levy a fine, the feme being within age* the whole fine will be reversed and set aside. See I. Leon. 114; II. Co. 77. Philips and ux, vs. Green, III. Marshall, 10, and authorities there cited.
So if a common recovery be suffered, and the baron and feme, as in right of the wife, (the feme being within age) are vouched, and they appear by attorney, and vouch over, and so a common recovery is had. This is error; for though her husband be of full age, yet the wife being within age, she ought to appear by guardian. Baron and Feme, 190; Lid. 322.
Notwithstanding these authorities, it is admitted that infant femes coverts, may alienate their lands by fine and recovery, when she is properly represented before the court in which the fine is levied, or recovery suffered. Thereafter she is estopped by the record, if no reversal is had, or if it be not avoided during her minority. See Shepherd’s Toucshtone, 7, and note; III. Bacon’s Abr. 225; Com. Dig. Infant, b. 2.
This is the consequence of the verity and efficacy, given to judicial proeeedihgs, perpetuated by the public records. Courts of justice are the guardians of the rights of infants; and judges Ought not to tolerate any proceedings, which will prejudice infants; hence the legal presumption is, when a fine is levied or common recovery suffered, that no injustice has been done to the infant; that his or her rights have been strictly guarded. If the act of 1748, has given to the acknowledgement, or proof ot deeds before the general court, or county courts, the same effect as alienations by fine or recovery, both, as it respects the transmission, and investiture of the title, and like *361 wise, the personal condition of the parties; and if it be granted that the 5th. section of the act is yet in force, we do not perceive the principle upon which acknowledgements of deeds; before the clerk of a county, can preclude an infant from avoiding the deed thereafter, upon the ground of non-age. County court clerks; by an act of 1798, are vested with power to receive “the acknowledgement or proof of deeds, out of court, in like manner as the clerk of the court of appeals, or district court clerks are authorized to do by law.” I. Dig. 317.
Relmquish-6f ‘!<”p Jim/elver?, before clerk, f1°8S^ot oníowe/and such right may as" o®1 full age,*1 and discovert.
By an act of 1795, clerks of the district courts, and court of appeals, are authorized to receive deeds in their offices, out of court, and. record the same; “taking the acknowledgement and proof of execution as is directed bylaw.” I. Dig. 316. Théfe is no expression of the act which renders the acknowledgement before the clerk, equivalent to an alienation by fine and recovery. Such acknowledgement is sufficient to pass the estate, provided the grantor labours under no disability. The clerk is not vested with au-ihority to inquire into, and adjudicate upon these disabilities; nor is he made the guardian of the parties, when- they are infants; nor does he possess any judicial power. His acts cannot, therefore, render fixed and irrevocable, a deed of an infant, male or female covert or discovert, which, unconnected with the ac-knowledgement before the clerk, is voidable by the well settled principles of law. By the common law, a deed acknowledged by baron and feme, shall be enrolled only for the husband, and not for the wife, by-reason of the coverture. II. Inst. 673. When baron and feme infants join in a feoffment by indenture, the feme, after the death of her husband, may have a dum fait infra actatem. I. Inst. 337. a. It requires the positive provisions of statute law, and these must be pursued to divest women of rights secured to them by common law.
In the preséntense, wc have found no statutory provisions to have the effect contended for, when applied to the facts exhibited. The case of Philips and «*> vs. Green, already refered to, strongly favors the ap-pellee.
Crittenden, for appellant.
We have, therefore, arrived at the conclusion, that Mrs. Todd never did part with her right of dower, so effectually as to be unable to retract. Laboring as she was under the double disability of coverture and infancy, we should require a strict observance of the rules of law, before we would divest her of any right, resulting from her n\arriage. Her acknowledgement of the deed beforethe clerk of the county court, relinquishing her right of dower, when a minor, was in our opinion, if not void, at least a voidable act, and when discovert, she has a right to avoid it. ,
The decree of the circuit court is therefore affirm' ed; but without costs, as the cause has been heard in this court, on the default of the appellee.